UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>　　　　　　Defendants. | Case No. 23-cv-03277-HSG   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 90, 95 |

　　　　The Court had a lengthy discovery hearing today. This written order memorializes the Court's orders. The reasons for the Court's rulings were stated on the record.

　　　　The Court **OVERRULES** Wells' objection to the inclusion of the 2013-2017 time period in the scope of class discovery. Those years are plainly within the scope of the alleged class. The Court understands that Wells has arguments about the statute of limitations concerning customers that were part of the remediation program and that Wells views that time period as different from what preceded it. Those are arguments that Wells can advance at class certification or on summary judgment, but Wells can't cut off discovery by predicting success in future motion practice before the district judge.

　　　　The Court **GRANTS** Plaintiff's motion to compel as to RFP 4. As explained at the hearing, the Court is not ordering Wells to perform a company-wide search for all responsive documents. Instead, Wells should identify a reasonable number of custodians who are likely to have responsive documents, as well as non-custodial sources that are likely to have responsive documents, and search there. Wells must disclose to Plaintiff its proposed custodians and why it is proposing those custodians, and do the same for its proposed non-custodial sources. The parties

should meet and confer, and if they have disputes, file another joint discovery letter brief. Wells' obligation in response to RFP 4 is to do a reasonable and diligent search for responsive documents.

For RFP 8, the Court **GRANTS** Plaintiff's motion to compel **IN PART**. Wells must produce documents responsive to 8(a) and (b) within 30 days after Wells made the refund, and documents responsive to 8(c) within 60 days after Wells made the refund.

For RFP 9, the Court **GRANTS** Plaintiff's motion to compel except **STRIKES** the words "and loan servicing records."

For the first part of RFP 10 ("Documents and Communications sufficient to show all refunded RLEFs and UELFs"), the Court **ORDERS** Wells to produce responsive documents, which the Court understands can be pulled from a database. For the second part of RFP 10 ("the point in time at which Wells Fargo received the funds attributable to those RLEFs and UELFs"), the Court thinks that the loan origination documents it is ordering Wells to produce in response to RFP 9 are likely the best source of that information, notwithstanding the complexities discussed at the hearing. For the rest of RFP 10, as discussed at the hearing, the Court **ORDERS** the parties to meet and confer. If they cannot reach an agreement, they should file another joint discovery letter brief.

With respect to the burden on Wells from reviewing individual loan files for each affected borrower, the Court understands that will take time, and it sounds like it will be a manual effort, at least in part. However, given Wells' position that the assessment of an RLEF is in every case an individualized decision based on each borrower's situation, the Court does not see a way around looking at each loan file.

Wells did bring up the idea of sampling at the hearing. The Court encouraged the parties to meet and confer to see if sampling would be workable. An agreement on sampling would likely require the parties to agree that certain issues would not be raised in the context of class certification. Certainly, Plaintiff would not likely agree to sampling if, for example, Wells reserved the right argue on class certification that the sample was not statistically meaningful. So, any potential stipulation on sampling is something the parties should work out together if it is

possible to reach an agreement on that.

**IT IS SO ORDERED.**

Dated: June 13, 2025

THOMAS S. HIXSON
United States Magistrate Judge

3