UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>        Defendants. | Case No. 23-cv-03277-HSG   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 115 |

Defendants move to compel concerning their requests for production 2 ("All Documents that refer or relate to the Mortgage.") and 5 ("All non-privileged Documents, including without limitation letters, notes of telephone conversations, email, and other correspondence, that refer or relate to any Communication between You and any Person regarding this Action or the subject matter of this Action."). Plaintiff does not respond to the substance of any of Defendants' arguments.

**A.   Communications with Lisa James**

Defendants move to compel Plaintiff's communications with his fiancée Lisa James that are responsive to RFP 5. In his deposition he had this to say about those communications:

> Q. What were your conversations about related to this lawsuit with Lisa James?
>
> MR. REED: Objection.
>
> A. It's primarily around coordinating because it interferes with my work schedule. We're also business partners.

Morris Depo. at 31.

Defendants do not cite any testimony or other evidence to indicate that Plaintiff's communications with James concerned the substance of the lawsuit. Accordingly, these

communications do not seem relevant, and Defendants' motion to compel them is **DENIED**.

### B.   Communications with Nany Packes

Defendants move to compel Plaintiff's communications with Nancy Packes that are responsive to RFP 5.  Plaintiff testified that he came to be involved in this lawsuit when he received an email from Nancy Packes, asking if he had received a check from Wells Fargo.  From Plaintiff's testimony, it does not seem that Packes and Plaintiff had an attorney-client relationship.  Morris Depo. at 58-60, 80-82.  These communications are relevant, and accordingly, the Court **GRANTS** Defendants' motion to compel them.

### C.   Communications with Keith Arthur

Defendants move to compel Plaintiff to produce communications with Keith Arthur that are responsive to RFP 5.  Plaintiff testified that he spoke with Arthur, who he believes may be a class member.  Plaintiff thinks Arthur is a class member because he was Arthur's real estate broker and Arthur went through the same process he did.  Plaintiff asked Arthur if he had received any checks from Wells Fargo, and he said yes and that they were for the extended rate lock fee.  These conversations took place after Plaintiff spoke with Packes but before this case was filed.  Morris Depo. at 64-65, 67-68.  These communications are relevant.  Accordingly, the Court **GRANTS** Defendants' motion to compel them.

### D.   Documents Related to Foreclosure

Defendants move to compel documents concerning Plaintiff's 2008 foreclosure on the ground that they are responsive to RFP 2.  Plaintiff identified the foreclosure as causing at least one of the financial harms he is suing over in this case.  Morris Depo. at 274-75.  Therefore, these documents are relevant and they are responsive to RFP 2.  Accordingly, the Court **GRANTS** this motion to compel.

### E.   Plaintiff's Arguments

As noted above, Plaintiff does not respond to any of Defendants' arguments.  Rather, Plaintiff argues that Defendants have not complied with the Court's discovery order at ECF No. 99.  Plaintiff contends that "[i]t is premature to raise any further discovery disputes until the parties have agreed to and the Court has entered a new schedule."

1    The Court disagrees.  Under the existing case schedule, fact discovery closed on August
2 11, 2025 (ECF No. 81), so this motion to compel, far from being premature, was filed on the last
3 day to do so.  Civ. L.R. 37-3.  As for Defendants' failure to comply with the Court's discovery
4 order, the Federal Rules of Civil Procedure provide remedies for that, provided that the remedies
5 are timely invoked.  Any disputes the parties may have about the case schedule should be directed
6 to Judge Gilliam, as he sets the schedule in this case.
7    **IT IS SO ORDERED.**
8
9 Dated: August 19, 2025

THOMAS S. HIXSON
United States Magistrate Judge

3