United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MORRIS,

  Plaintiff,

  v.

WELLS FARGO & COMPANY, et al.,

  Defendants.

Case No.  23-cv-03277-HSG   (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 140, 141

The parties have discovery disputes at ECF Nos. 140 and 141

**A.     ECF No. 140**

In ECF No. 135, the Court ordered Wells Fargo to produce a random sample of 1,000 loan files.  In June 2025, the Court had previously ordered Wells to produce the individual loan files at issue in the case and encouraged the parties to meet and confer to see if sampling would be workable.  ECF No. 99.  The meet and confer efforts were unsuccessful.  Plaintiff proposed that Wells produce a sample of 5,000 loan files – a tiny fraction of the 390,000 loan files Wells claims are at issue.  Wells proposed a sample of 25 loan files.

At the hearing on December 1, 2025, Plaintiff said he would be satisfied with a sample of 1,000 loan files.  Wells contended that it had produced 35 loan files, though Plaintiff's counsel was unable to confirm that at the hearing.  Wells contended that if it were ordered to produce 1,000 loan files, that would likely take four to five months because loan files average about 1,000 pages each, so that would amount to about a million pages of documents.  In response to the Court's question whether Wells would be done by now had it started collecting 1,000 loan files

back in June when the Court issued its discovery order, Wells candidly said yes.

Because the parties' positions during meet and confer and arguments during the hearing made clear that neither side thought that producing all the loan files was necessary or even useful, the Court modified its prior order and directed Wells to produce 1,000 loan files.

Four days later the parties filed ECF No. 140, in which Plaintiff seeks leave to move for sanctions.  As an initial matter, Plaintiff has misunderstood the Court's Discovery Standing Order.  The standing order states that "[n]o motion for sanctions may be filed until after the moving party has complied with the requirements above."  The joint discovery letter brief at ECF No. 124 resulted in the order at ECF No. 135 requiring Wells to produce the 1,000 loan files.  Thus, Plaintiff had complied with "the requirements above" and was free to move for sanctions without requesting permission.  In any event, since the deadline to file discovery-related motions has passed, *see* Civ. L.R. 37-3, the Court will treat ECF No. 140 as a motion for sanctions.

It is **DENIED**.  The Court's order at ECF No. 135 modified the previous order at ECF No. 99 and gave Wells a new directive to produce 1,000 loan files.  The order at ECF No. 135 did not set a deadline for Wells to complete that production.  In the absence of a specific deadline, the implied deadline is a reasonable time.  Given the scope of what the Court ordered Wells to produce, the Court does not think that the four days between when the Court issued its order and Plaintiff moved for sanctions is a reasonable time.  Plaintiff's real concern, of course, is that Wells did not agree to produce the 1,000 loan files by Plaintiff's deadline to move for class certification.  However, since the 1,000 loan files will likely total a million pages, the Court is unsure that the 42 days between the Court's order and Plaintiff's deadline to move for class certification is necessarily a reasonable time either.  Under the circumstances, Plaintiff has not shown that Wells violated a court order.

**B.    ECF No. 141**

In ECF No. 141, Plaintiff moves to compel a further response to his interrogatory 12, which asks:  "As to (1) each Defendant on an overall basis and (2) Defendants' mortgage lending business line specifically, to the extent it differs, state Your annual rate of return on capital for each year from 2005 through 2023, specifically: (a) Your rate of return on assets; (b) Your

United States District Court
Northern District of California

weighted average cost of capital for each year; (c) Your net interest margin for each year; (d) the average yield on Your loan portfolio for each year; (e) the total cumulative return You earned on a dollar invested at the beginning of this period through the end of 2023; (f) any other rate You contend is the appropriate measure of Wells Fargo's enrichment from its possession of the RLEF funds it later refunded; and (f) the methodology and formulas used to calculate each of these statements." ECF No. 158-1.

That's a request for a lot of information, but Plaintiff has good reasons to seek that information. He is suing for the net profits that Wells Fargo earned on wrongfully charged rate lock extensions fees ("RLEFs"). Wells has stated that there is no separate RLEF bank account and that the fees were rolled into the overall pricing of the loan with no isolated use, so the only way to measure the benefit Wells obtained is through its actual returns on capital, assets, or loaned funds during the relevant period. In its rog response, Wells makes a number of objections and then 33(d)'s some financial documents.

The Court **GRANTS** Plaintiff's motion to compel. Rog 12 seeks relevant and discoverable information that goes to the heart of Plaintiff's damages claim. Although the rog is broad, that is a function of the time period at issue in the case and the fact that Wells does not have a particular account or place where it puts RLEFs; therefore, the rog is not overbroad.

Wells' reliance on Rule 33(d) is improper. Wells itself argues in the joint discovery letter brief that it doesn't have all the information Plaintiff seeks. This means that the answer to the rog cannot be determined by examining the cited records, so the Rule 33(d) reference is inappropriate. The other large problem with Wells' response is that Wells is avoiding saying what information it has and what information it doesn't have.

The Court **ORDERS** Wells Fargo to provide a full and complete answer to rog 12 within 30 days. The answer cannot contain any Rule 33(d) references, as it is impossible that the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff as it is for Wells. For every piece of information the rog requests, Wells Fargo must either provide that information (including a reasonable estimate if the exact number cannot be determined) or state that it does not know that information and cannot figure it out or provide a reasonable estimate through

3

reasonably diligent effort.

**IT IS SO ORDERED.**

Dated: February 2, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California