UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>        Defendants. | Case No. 23-cv-03277-HSG<br><br>**ORDER DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S PRETRIAL ORDER**<br><br>Re: Dkt. No. 163 |

Defendants filed a motion for relief from a nondispositive pretrial order of a magistrate judge under Civil Local Rule 72-2. Dkt. No. 163 ("Mot."). Defendants seek relief from Judge Hixson's order compelling the production of audit materials concerning Defendants' rate lock extension fee ("RLEF") practices for the (1) 2013-2017 and (2) pre-2013 populations. Mot. at 2; Dkt. No. 156 ("Order").

A district court may refer nondispositive pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C § 636(b)(1)(A); *see also* Fed. R. Civ. Proc. 72(a). A district court reviews the magistrate judge's factual determinations for clear error and reviews the magistrate judge's legal conclusions to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential, and a district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The Court finds that Defendants have not demonstrated that Judge Hixson's order is clearly erroneous or contrary to law. First, Defendants argue that Judge Hixson's order is now

*United States District Court*
*Northern District of California*

clearly erroneous with respect to the 2013-2017 audit materials because Plaintiff recently moved to certify a class encompassing only the pre-2013 population. Mot. at 2, 5–6. Earlier in the litigation, Defendants objected to including the 2013-2017 period in the scope of class discovery, arguing that claims covered by the 2013 policy were time-barred. *See* Dkt. No. 90 at 4. Judge Hixson overruled the objection, finding that the 2013-2017 period was "plainly within the scope of the alleged class," and declining to "cut off discovery by predicting success in future motion practice before the district judge." Dkt. No. 99 at 1. Partially because of that determination, Defendants were required to produce the 2013-2017 audit materials. *See* Order at 1.

Defendants assert that Judge Hixson's order is erroneous because of the class definition now asserted in Plaintiff's pending motion for class certification. Defendants do not cite any cases assessing a similar circumstance. The Court is not persuaded that it should disturb an otherwise legitimate order just because a party has successfully waited out the required production and circumstances have changed. [1] But even if it could, documents from after the class period can still be relevant. *See Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 970 (N.D. Cal. 2005) ("The proposed class period dates function only to define the plaintiff class, not to restrict the universe of relevant or actionable facts in this case."). Plaintiff previously argued to Judge Hixson that these documents were also relevant even for someone that paid RLEFs before 2013. *See* Dkt. No. 90 at 2 ("Discovery into the [2013-2017] time period during which Defendants admit substantially similar misconduct occurred is relevant to Plaintiff's claims."). Given this, the Court will not set aside Judge Hixson's ruling.

Second, Defendants argue that (1) the pre-2013 audit materials are not relevant because they relate only to the scope of the population, not the practices that are the subject of the RFP; (2) these materials are not responsive because they relate to RLEF remediations rather than practices; and (3) production of these materials is unduly burdensome. Mot. at 2, 5. Judge Hixson already considered these exact arguments, Dkt. No. 138 at 8–9, determining that the records were

---

[1] If it was critical for Judge Hixson to know about the class definition change, the Court wonders why Defendants didn't attempt to raise this in the fifteen days between Plaintiff filing his motion for class certification, Dkt. No. 151, and Judge Hixson ruling on the dispute, Dkt. No. 156.

United States District Court
Northern District of California

"relevant and responsive," and that production was not burdensome because these documents are "contained in a noncustodial database that [is] organized by specific audit IDs." Order at 1. This determination was not clearly erroneous. Accordingly, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

Dated:   2/24/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

3